UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

LOUIS JOSEPH MACKENZIE,

                 Petitioner,

v.                                          Case Number 10-15002
                                          Honorable Thomas L. Ludington

GREG McQUIGGIN,

                 Respondent.

_____/

**OPINION AND ORDER DENYING HABEAS CORPUS PETITION,
DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND
DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

      Petitioner Louis Mackenzie pleaded guilty to armed robbery in Michigan state court and

was sentenced as a habitual offender to 30–60 years imprisonment.  Filing a habeas corpus

petition under 28 U.S.C. § 2254, Petitioner challenges his sentence.  He asserts that the trial court

considered constitutionally infirm convictions at sentencing and that his presentence report

contains irrelevant and inaccurate information.  For reasons detailed below, the petition will be

denied.

**I**

      On March 5, 2006, Petitioner went into a convenience store in Henrietta Township,

Michigan and pretended to purchase a pack of gum.  As the cashier rang up the sale, Petitioner

ran around the counter, placed a cell phone at the back of the cashier's head, removed cash from

the register, and left the store.

      Following his arrest, Petitioner pleaded guilty in Jackson County Circuit Court to one

count of armed robbery in violation of § 750.529 of the Michigan Compiled Laws.  In exchange

for Petitioner's guilty plea, the prosecutor dismissed three other pending cases, which involved a

count of receiving and concealing stolen property and three counts of breaking and entering. Additionally, the prosecutor agreed not to charge Petitioner with another breaking and entering, uttering and publishing, and forgery of stolen checks.  The prosecutor also agreed to dismiss a count of attempted escape from jail, provided that the trial court sentenced Petitioner to a minimum of 25 years in prison.  On June 8, 2006, the trial court sentenced Petitioner as a fourth felony offender to 30–60 years imprisonment.

Petitioner moved for resentencing, correction of his presentence information report, and recalculation of the sentencing guidelines.  The trial court held a hearing on Petitioner's motion and ordered four of Petitioner's prior misdemeanor convictions removed from the presentence report because those convictions were constitutionally invalid.  The convictions were:  a 1991 conviction for retail fraud, a 1991 conviction for urinating in public, a 1996 conviction for possession of open intoxicants, and a 1996 conviction for driving with a suspended license.  The trial court declined to resentence Petitioner because the invalid convictions did not affect the sentencing guidelines.

Petitioner appealed the trial court's decision without success.  The Michigan Court of Appeals denied leave to appeal "for lack of merit in the grounds presented."  *People v. Mackenzie*, No. 289778 (Mich. Ct.  App. Mar. 5, 2009).  The Michigan Supreme Court did so as well.  *People v. Mackenzie*, 775 N.W.2d 756 (Mich. 2009) (unpublished table op.).

Petitioner filed his habeas corpus petition on December 16, 2010 raising four claims.  The first is that the trial court erred in denying his motion for resentencing because the court considered constitutionally infirm prior felony and misdemeanor convictions in determining sentence at the highest end of the guidelines range.  The second is that Petitioner must be

resentenced because the court at the initial sentencing considered constitutionally invalid convictions at sentencing.  The third is that Petitioner is entitled to have a dismissed receiving and concealing stolen property charge removed from his presentence report since it is irrelevant and may have adverse effects on his incarceration and parole.  And the fourth is that his basic information report should be corrected to reflect that he served only three prior prison terms, not four, as the court erroneously ruled.

## II

"The statutory authority of federal courts to issue habeas corpus relief for persons in state custody is provided by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA)."  *Harrington v. Richter*, 131 S. Ct. 770, 783 (2011).  Pursuant to § 2254, state prisoners are not entitled to the writ of habeas corpus unless the state court's adjudication of their claims on the merits

> (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

> Under the "contrary to" clause [of § 2254(d)(1)], a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts.  Under the "unreasonable application" clause [of § 2254(d)(1)], a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Williams v. Taylor*, 529 U.S. 362, 412-13 (2000) (O'Connor, J., opinion of the Court for Part II).

-3-

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Richter*, 131 S. Ct. at 786 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). "[E]ven a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id*. (citing *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003)). To obtain a writ of habeas corpus from a federal court, a state prisoner must show that the state court's ruling on his or her claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id*. at 786-87.

**III**

**A**

The first and second habeas claims allege that the trial court sentenced Petitioner on the basis of convictions that were constitutionally invalid because Petitioner served time in jail for the convictions and because he either was not represented by counsel at the time or it is not known whether he was represented by counsel. The Court will assume for purposes of this opinion that the contested convictions were constitutionally invalid. Petitioner nevertheless is alleging violations of state law and errors in the calculation of his prior record variables (PRV) of the state sentencing guidelines. A state court's interpretation and application of its own sentencing laws and guidelines and the computation of an individual's prison term are matters of state law. *Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003); *Kipen v. Renico*, 65 F. App'x 958, 959 (6th Cir. 2003). "[F]ederal habeas corpus relief does not lie for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) (citing *Pulley v. Harris*, 465 U.S. 37, 41 (1984), and *Rose v. Hodges*, 423 U.S. 19, 21–22 (1975) (*per curiam*)).

In addition to relying on state law, Petitioner invokes his constitutional right to be sentenced on the basis of accurate information. *See, e.g.*, *United States v. Tucker*, 404 U.S. 443, 447–49 (1972) (remanding for reconsideration of the sentence because the sentence was based on constitutionally invalid convictions and was "founded at least in part upon misinformation of constitutional magnitude"); *Townsend v. Burke*, 334 U.S. 736, 741 (1948) (concluding that a sentence based on "materially untrue" assumptions about the prisoner's criminal record was inconsistent with due process of law and that a sentence based on an extensively and materially false foundation, which the prisoner had no opportunity to correct through counsel, rendered the proceeding lacking in due process). But "[t]o demonstrate that the use of misinformation violated due process[,] the defendant must show that the evidence was materially false and that the trial judge relied upon it." *United States v. Polselli*, 747 F.2d 356, 358 (6th Cir. 1984) (citing *Collins v. Buckhoe*, 493 F.2d 343 (6th Cir. 1974)). For the following reasons, the Court finds that Petitioner was not sentenced on the basis of materially false information that he had no opportunity to correct. Consequently, his right to due process of law was not violated.

**1**

The trial court determined in its order on Petitioner's motion for resentencing, as noted, that four of Petitioner's prior convictions were constitutionally infirm. Because these convictions were listed on the presentence information report which the trial court relied on at sentencing, Petitioner maintains that the trial court considered constitutionally infirm convictions in determining his sentence.

Habeas corpus relief, however, "is only appropriate if the constitutional error harmed the petitioner." *Villagarcia v. Warden, Noble Corr. Inst.*, 599 F.3d 529, 536 (6th Cir. 2010). Under

*Brecht v. Abrahamson*, 507 U.S. 619 (1993), "an error is considered not harmless when the matter is so evenly balanced that the habeas court has grave doubt as to the harmlessness of the error." *Lovins v. Parker*, 712 F.3d 283, 303 (6th Cir. 2013) (quotation marks omitted). "Grave doubt" means that, "in the judge's mind, the matter is so evenly balanced that he feels himself in virtual equipoise as to the harmlessness of the error." *O'Neal v. McAninch*, 513 U.S. 432, 435 (1995).

According to Petitioner, the state trial court remarked at a hearing on his motion for resentencing that Petitioner's convictions for retail fraud second, urinating in public, driving while license suspended, and possession of open intoxicants did not affect the sentencing guidelines and, therefore, resentencing was not required. Because the contested convictions did not affect the sentencing guidelines, Petitioner was not harmed by the trial court's alleged error. For the same reason, it cannot be said that the trial court materially relied on false information at sentencing.

**2**

The other four cases in question here are: a 1982 Jackson County juvenile adjudication for breaking and entering an occupied dwelling; a 1992 Lenawee County conviction for driving while license suspended; a 1992 Jackson County conviction for urinating in public/false information; and a 1986 conviction for larceny in a building. Petitioner claims that, if the trial court had not considered these invalid misdemeanor convictions at sentencing, his PRV score would have been 90 points and the state sentencing guidelines would have been lower.

The record indicates that Petitioner's PRV score was 150 points. Even if Petitioner is correct in arguing that his PRV score should be 90 points, the maximum PRV score in the State's

sentencing grid is 75 points.  Consequently, any error in considering Petitioner's 1982 juvenile adjudication and his 1986 and 1992 convictions for driving while license suspended, urinating in public, and larceny from a building was harmless.  Petitioner would have a PRV score of more than 75 points even if the contested convictions and juvenile adjudication were not considered.  Thus, any error was harmless.

### 3

In sum, Petitioner's first and second claims lack merit.

### B

The third and fourth habeas claims allege that Petitioner's presentence information report contains irrelevant and inaccurate information and that the trial court's failure to correct the report or grant a hearing on Petitioner's claims violated his right to due process.  Petitioner alleges that the report should be corrected to show: (1) a charge of receiving and concealing stolen property in 2000 was dismissed; and (2) he served only three prior prison terms, not four.  Petitioner claims that the disputed information may have adverse effects on his incarceration and parole.

"[T]he mere presence of . . . inaccurate information in a [presentence report] does not constitute a denial of due process."  *Hili v. Sciarrotta*, 140 F.3d 210, 216 (2nd Cir. 1998).  Rather, a claim that the presentence report contains inaccurate information merely raises a state-law issue.  *Rodriguez v. Jones*, 625 F. Supp. 2d 552, 569 (E.D. Mich. 2009).  Petitioner has not stated a cognizable federal claim for which this Court may grant relief.  *Fielding v. LeFevre*, 548 F.2d 1102, 1109 (2d Cir. 1977).  Further, Petitioner's presentence report clearly indicates that the charge for receiving and concealing stolen property was dismissed on July 24, 2000.

As for the trial court's determination that Petitioner had four, not three, prior prison terms, it does not appear that Petitioner's sentence was affected by this finding. The Court concludes that Petitioner has no right to habeas corpus relief on the basis of his claims about the presentence investigation report.

## IV

"[A] prisoner seeking post-conviction relief under 28 U.S.C. § 2254 has no automatic right to appeal a district court's denial or dismissal of the petition. Instead, [the] petitioner must first seek and obtain a [certificate of appealability.]" *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). A court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327 (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Reasonable jurists could not debate whether Petitioner's claims should have been resolved differently or deserve encouragement to proceed further.

## V

Accordingly, it is **ORDERED** that the habeas corpus petition (ECF No. 1) is **DENIED**.

It is further **ORDERED** that a certificate of appealability is **DENIED**.

It is further **ORDERED** that leave to proceed *in forma pauperis* on appeal is **DENIED**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: June 10, 2013

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and upon Louis MacKenzie, #182230 at Chippewa Correctional Facility, 4269 W. M-80, Kincheloe, MI 49784 by first class U.S. mail on June 10, 2013.

s/Tracy A. Jacobs
TRACY A. JACOBS